ROY FRANKLIN KEPLEY, BY HIS GENERAL GUARDIAN, RALPH RAY KEPLEY, AND WIFE, ORA KEPLEY v. TRANSCONTINENTAL GAS PIPE LINE CORPORATION

AND

ORA KEPLEY AND HUSBAND ROY FRANKLIN KEPLEY, BY HIS GENERAL GUARDIAN, RALPH RAY KEPLEY v. TRANSCONTINENTAL GAS PIPE LINE CORPORATION.

(Filed 12 June, 1959.)

APPEAL by defendant in each case from *Preyer, J.,* at March 31, 1958 Civil Term of DAVIDSON— argued at Fall Term 1958 as No. 395.

Two civil actions for the recovery of damages allegedly resulting from fraudulent representations on the part of agents of defendant in respect to rights of way for gas pipe lines obtained from plaintiffs, by consent consolidated for trial.

Defendant pleads three-year statute of limitations in bar of plaintiffs' right to recover.

Upon the trial in Superior Court both plaintiffs and the defendant offered evidence. And at the close of all the evidence motions of defendant for judgments of nonsuit were denied; and the cases were submitted to the jury on these issues, under a charge free from exception and presumed to be correct on every principle of law applicable to the facts,— since it is not in the record:

"I. Was the purported Right of Way Agreement, dated September 20, 1949, and recorded in Book 195, page 468, in the office of the Register of Deeds of Davidson County, obtained by fraud as alleged in the Reply?

"II. Is the plaintiffs' cause of action barred by the statute of limitations?

"III. Was the property of the plaintiffs damaged by the defendant, as alleged in the Complaint?

"IV. What amount are the plaintiffs entitled to recover from the defendant?
all of which are answered in favor of plaintiffs."

And in the Roy Franklin Kepley case a fifth issue as to sufficiency of his mental capacity was submitted to, and answered affirmatively by the jury.

In accordance therewith judgments were signed. Defendant excepts and appeals therefrom to Supreme Court and assigns error.

*Walser & Brinkley, Stoner & Wilson, DeLapp & Ward for plaintiffs, appellees.*

*Charles W. Mauze, Womble, Carlyle, Sandridge & Rice for defendant, appellant.*

PER CURIAM. The appellant presents assignment of error on this appeal basically upon two grounds: (1) In overruling demurrer *ore tenus;* and (2) in denying motions for judgment as of nonsuit at the close of all the evidence.

(1) The demurrer is on the ground that the pleading does not state facts sufficient to constitute a cause of action,— taking as true the facts alleged and relevant inference of facts deducible there from, but not admitting inferences or conclusions of law. So considered, it would seem that the pleading is sufficient to state a cause of action, and to withstand the challenge.

And (2) considering the motion for judgment as of nonsuit, taking the evidence in the light most favorable to the plaintiffs, and giving to them the benefit of every reasonable intendment upon the evidence and very reasonable inference to be drawn therefrom as is required in such cases, the court concurs with trial court that the evidence is sufficient to take the case to the jury.

No new principles of law are involved. Therefore, after due and careful consideration of the case on appeal, it is held that in overruling the demurrer and in denying the motions for judgment as of nonsuit the rulings of the trial court were proper.

Hence in the judgments from which appeals are taken, there is
No Error.